**George Cairns, Appellant, v. Marshall E. Sampsell, Receiver, etc., Appellee.**

**Gen. No. 15,417.**

1. NEGLIGENCE—*when motorman guilty of.* If a motorman on a street car through negligent inattention to the operation of the car fails to observe a young child standing near the track and apparently intending to cross, until it is too late to avoid injuring

him, the street railway company is liable even though the front of the car passes the child before he collides therewith.

2. EVIDENCE—*when impeachment erroneous.* It is vital error to permit a witness to be impeached with respect to an immaterial matter.

3. SUBPOENAS—*what illegal use of.* Process of subpœna was never intended to compel witnesses to appear and be examined touching their knowledge of matters in litigation either at the office of a party or of counsel.

Tort. Appeal from the Superior Court of Cook county; the Hon. EDWARD M. MANGAN, Judge, presiding. Heard in this court at the March term, 1910. Reversed and remanded. Opinion filed November 10, 1910. Rehearing denied November 25, 1910.

ALDEN, LATHAM & YOUNG, for appellant.

JOHN A. ROSE and FRANK L. KRIETE, for appellee; W. W. GURLEY, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from a judgment of *nil capiat* and for costs rendered upon the verdict of a jury after the overruling of motions for a new trial and in arrest of judgment.

The judgment must be reversed because, in our opinion, it is manifestly contrary to the weight of the evidence, and for error in admitting the evidence of the witness English, an investigator of defendant, as to conversations had with plaintiff's witness Barton. As the case must again be tried we refrain from discussing the evidence, its weight or bearing, except as necessary to the determination of the grounds impelling us to reverse the judgment.

The action is tort for personal injuries suffered by plaintiff through the alleged negligent management and operation by defendant of one of its cars upon the streets of Chicago. The evidence develops without contradiction that at the time plaintiff was injured he was of the age of five and one-half years; that with his brother Harry, about one year and a half his senior, he had been on a family errand to a meat market on

Eighteenth street, and from that market walked east on the north side of Eighteenth street about a block and a half, and after passing Ruble street a short distance started across Eighteenth street in a southeasterly direction to go to a candy store on the south side of Eighteenth street, there to invest a penny, which he held in his hand, in candy. A witness who was standing upon the front platform of the car testified that he saw plaintiff as the car was crossing Ruble street and that he was then about 75 feet away from the car between the curb and the north rail of the west-bound track; that he was walking "briskly" across the street in a southeasterly direction and that the car struck plaintiff as he reached the north rail of the east-bound track; that the speed of the car was not slackened until after plaintiff was struck, and that the car did not stop until its rear was about seventy-five feet from where plaintiff lay. Another witness, a passenger also, testified that he saw plaintiff when he was about twenty feet from the car and "hollered" to the motorman, who failed to make any effort to stop the car until after plaintiff was struck, and that the rear end of the car was fully seventy-five feet distant from where plaintiff lay after the accident. It likewise appears that the day was clear and that the accident happened between the hours of one and two in the afternoon, and also that the motorman had a clear view ahead of him, and that no wagons were in the vicinity of the car to either obstruct his view or impede his progress. The motorman in charge of the car admitted that he did not see plaintiff until after the accident. He testified: "I don't know where the little boy came from" and "I saw nothing to make any effort to stop for until I heard something hit the gate and that is the time I stopped." Also, "I did not see the boy at all before he was run over. * I do not know what part of the car struck the boy. * I did not see the car come in contact with the boy at all." He also testified that the car went about forty feet to the middle of the block after

striking plaintiff before stopping. We think it clear negligence for the motorman not to have seen plaintiff in time to avoid running him down. It is indisputable that plaintiff was in the street ahead of the car, walking toward the car track, and it follows that the motorman should have been on the lookout for children and others in the street in the path of the car in order to escape the charge of negligent operation. It was not necessary for the motorman to watch the children on the sidewalk on the south side of the street, as he testified he did, but it was his duty to look ahead in the roadway for all obstacles including children. With a clear path ahead it was negligence for the motorman not to see the plaintiff. We think in view of all the testimony and of these plain omissions of duty on the part of the motorman, it is idle to contend, or pretend, that plaintiff ran into the side of the car. The little fellow was first struck by the side of the fender of the car, through the negligence of the motorman in not seeing him, as he might and could have done in the exercise of ordinary care, in time to have arrested the onward movement of the car sufficiently to have stopped it before striking plaintiff. If the motorman had even heeded the "hollering" of the passenger the accident might have been avoided, and if the motorman had seen plaintiff when he was seventy-five feet in front of the car it is obvious the accident could have been avoided. What the passengers saw it was the duty of the motorman to see.

The case of Perryman v. Chicago City Ry. Co., 242 Ill. 269, is on fact and law and the immaturity of the plaintiff similar to the case at bar, and is, we think, of controlling importance. It was there held, quoting from the syllabi that "If the motorman on a street car, through negligent inattention to the operation of the car, fails to observe a young child standing near the track and apparently intending to cross until too late to avoid injuring him, the street railway company is

liable, even though the front of the car passes the child before he collides with the car." The motorman in not seeing plaintiff was guilty of negligently operating the car and such negligence was in this case the proximate cause of the accident and resulting injuries to plaintiff.

The attempt to impeach Barton, a witness for plaintiff, on a purely immaterial and irrelevant matter, was error prejudicial to plaintiff's case, as it was calculated to mislead the jury. Barton admitted that he was hostile to defendant and made no attempt to disguise that fact. Defendant could use that fact in attacking Barton's reliability as a witness and impress it upon the jury both in argument and by instruction. As to what took place in regard to his making a promise to go to the office of defendant or of his being subpœnaed to go there was immaterial and had no tendency to prove any fact in issue or to affect his credibility or character. In the first place, if he promised to attend at defendant's office, he was at liberty to break such promise without being responsible to any one but his own conscience for so doing; and in the second place, if defendant served a subpœna upon him returnable at its office, it was a nullity. Process of subpœna was never intended to compel witnesses to appear and be examined touching their knowledge of matters in litigation either at the office of a party or of counsel. If such process was used, it was an abuse of it, for which the guilty party might be proceeded against as for a contempt of court. An attempt to inject such alien matter into the trial was vital error.

The instructions complained about are not subject to the criticisms indulged concerning them, and the court did not commit any error in its rulings thereon. Neither was any sufficient reason shown for the granting of a new trial on the claim of newly discovered evidence.

By reason of the errors indicated in this opinion the judgment of the Superior Court is reversed and the cause remanded to that court for a new trial.

*Reversed and remanded.*